WINDER NATIONAL BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25199.   Promulgated April 15, 1929.

*F. O. Graves, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

SMITH: The petitioner contends that it is entitled to deduct from gross income in its income-tax return for 1922, $7,850.59 for debts ascertained to be worthless and charged off in 1922, plus $9,500 added to a reserve for bad debts on the petitioner's books of account at the close of the year; or, in the alternative, $7,850.59 above referred to plus $3,471.08 for debts apparently ascertained to be worthless in 1921 but not charged off until 1922.

Section 234 of the Revenue Act of 1921 provides in part:

(a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

\* \* \* \* \* \* \*

(5) Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, \* \* \*

The respondent determined the petitioner's tax liability for 1921 upon the basis that it was entitled to deduct from gross income of 1921 an addition to a reserve fund for bad debts. He therefore allowed the deduction of the amount of debts ascertained to be worthless and charged off in 1921, plus $5,316.58 for debts ascertained to be worthless in 1921 but not charged off until 1922. The petitioner's amended income-tax return for 1921 reflects this adjustment. Included in the $5,316.58 above referred to is $3,471.08 which the petitioner claims as a deduction for 1922 in its alternative contention.

Under the statute the petitioner is entitled to deduct from gross income of 1922 a "reasonable addition to a reserve for bad debts." The stipulation filed in this proceeding does not show what a reasonable addition to a reserve for bad debts for 1922 is. The respondent has allowed the deduction of $7,850.59. The petitioner claims that to this amount should be added $9,500 which was added to its reserve for bad debts on its books of account at the close of 1921. All that the stipulation shows is that the petitioner "claimed" this amount for worthless debts not charged off. For lack of evidence we can not determine that a reasonable addition to a reserve for bad debts was any amount greater than the respondent has allowed, namely,

$7,850.59. The burden of proving error on the part of the respondent is on the petitioner and it has not carried this burden.

If the petitioner is to be limited to debts ascertained to be worthless and charged off within the year 1922, the evidence shows that the only amount ascertained to be worthless and charged off within the year was $7,850.59. The petitioner contends that an additional amount of $3,471.08 was charged off in 1922 and should be allowed as a deduction from gross income. The stipulation indicates, however, that the bad debts represented by this amount were determined to be worthless in 1921. The mere charging off of these accounts in 1922 is not a basis for the deduction of them in the 1922 return, since the statute requires both a determination and a charging off within the year. *Minnehaha National Bank*, 28 Fed. (2d) 763. The respondent allowed the deduction of the $3,471.08 in the audit of the return for 1921, and we see no reason for modifying that determination, and permitting the deduction in the return for 1922. We therefore sustain the respondent's contention that the petitioner is entitled under the statute to deduct from gross income of 1922 only $7,850.59 for bad debts.

Reviewed by the Board.

*Judgment will be entered for the respondent.*